IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **On behalf of CLAUDIA A. MONTELIONE, by her next friend and natural daughter Francesca-Shannon Montelione,** | **No. 1:08-CV-0790** |
| **Petitioner/ Complainant** | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **THOMAS W. CORBETT, JR., ESQ.,** Attorney General of PA, *et al.*, | |
| **Defendants** | |

# MEMORANDUM & ORDER

Francesca-Shannon Montelione filed the instant petition for habeas corpus under 28 U.S.C. § 2254 as next friend of her mother, Claudia A. Montelione, who is imprisoned by the Commonwealth of Pennsylvania.[1]  Upon preliminary screening,[2] the petition will be dismissed because Francesca-Shannon has not demonstrated that she has standing as Claudia's "next friend" for purposes of this petition.

An "[a]pplication for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in [her] behalf." 28 U.S.C. § 2242.  A litigant seeking to prosecute a "next friend" habeas petition "must establish the requisite [Article III] standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990); *accord In re Zettlemoyer*, 53 F.3d 24, 26-27

---

[1] Although styled as both a petition under § 2254 and a complaint under 42 U.S.C. § 1983, the contents of the document reveal that its goal is to garner Claudia's release from state prison. Accordingly, the court construes the document as a petition under § 2254.

[2] "If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

(3d Cir. 1995) (per curiam).  "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163.

A "next friend" seeking habeas relief must establish standing by meeting two prerequisites.  "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on [her] own behalf to prosecute the action." *Id.*  Second, the petitioner seeking standing as "next friend" must demonstrate that she is "truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate" and has some "significant relationship" with that person.  *Id.* at 163-64.  The "next friend" doctrine is so limited because of the recognition that "it was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id.* at 164 (quoting *United States ex rel. Bryant v. Houston*, 273 F. 915, 916 (2d Cir. 1921)); *see also Rosenberg v. United States*, 346 U.S. 273, 291-92 (1953).  The burden is on the person seeking "next friend" standing to establish these prerequisites. *Whitmore*, 495 U.S. at 164; *see also Zettlemoyer*, 53 F.3d at 27.

In the instant case, Francesca-Shannon fails to establish "next friend" standing because she does not provide any reason that Claudia cannot bring a habeas petition on her own behalf.  The "Power of Attorney Contract" attached to the petition, purporting to give Francesca-Shannon the power, on Claudia's behalf "[t]o institute, engage in and settle any litigation" is a private contract between two adults.  It does not circumvent binding judicial precedent to confer Article III standing upon Francesca-Shannon for purposes of the instant petition.  Nor does it evade the "well established principle that while a lay[person] may represent [her]self with respect to [her] individual claims, [she] is not entitled to act as an attorney for

others in federal court." *Lutz v. Lavelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991); *see* 28 U.S.C. § 1654 ("In all courts of the United States, the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *De Ponceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) ("[P]laintiffs have no statutory nor constitutional right to be represented in federal court by a non-lawyer," regardless of power of attorney purporting to grant the power to bring suit *pro se* on plaintiffs' behalf.).

      For the reasons stated above, **IT IS HEREBY ORDERED THAT** the instant petition for habeas corpus is **DISMISSED** for lack of standing. The Clerk of court shall notify the petitioner and close this case.

                                                  s/Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated: May 2, 2008.